(25 Misc. Rep. 341.)

PEOPLE ex rel. CRONIN v. CARPENTER.

(Supreme Court, Special Term, New York County. November, 1898.)

REFORMATORIES—COMMITMENT—CONDITIONS PRECEDENT.
　　Pen. Code, § 291, subd. 5, as amended in 1886, providing that whenever a child shall be committed to an institution. under the Code, and the warrant of commitment shall show that the parent of such child was present at the examination, or had sufficient notice thereof, no further notice required by any local or special statute in regard to the committal of children to such institution shall be necessary, does not limit the necessity of notice to the parent to cases where notice is required by the charter or acts of incorporation of the institution to which the child is committed.

Habeas corpus proceedings by the people, on relation of Joseph Cronin, against Elisha Carpenter, superintendent of the House of Refuge, etc. Relief granted.

John J. O'Neill, for relator.

John J. Townsend, for respondent.

LAWRENCE, J. It does not appear from the commitment that any notice was given in this case to the parent that the child had been brought before the recorder of the city of Poughkeepsie, by warrant issued for his apprehension, charged with a misdemeanor, in riding on a freight train without permission or authority of the proper officers, nor that the parent was present at the examination. Pen. Code, § 291. The child pleaded guilty, and was, the commitment recites, convicted of the offense charged. It also appears from the commitment that the justice determined, by sufficient proof, that the accused was under the age of 16 years, and it was adjudged that he be committed to the House of Refuge for the Reformation of Juvenile Delinquents, in the city of New York. As the child was under 16 years of age, this committal was proper, under sections 713 and 291 of the Penal Code, as amended by chapter 31 of the Laws of 1886, provided the magistrate acquired jurisdiction of the case. It is claimed by the respondent, that, under the acts relating to the House of Refuge, no notice to the

parent of the child is required to be given in order to justify a commitment to that institution, and that subdivision 5 of section 291 of the Penal Code, as amended, only applies to institutions which by their charters or acts of incorporation require notice to be given to the parent, such as the Catholic Protectory and the New York Juvenile Asylum. Subdivision 5 of section 291 of the Penal Code, as amended in 1886, provides that:

"Whenever any child shall be committed to an institution, under this Code, and the warrant of commitment shall so state, and it shall appear therefrom that the parent, guardian or custodian of such child was present at the examination before such court or magistrate, or had such notice thereof as was by such court or magistrate deemed and adjudged sufficient, no further or other notice required by any local or special statute in regard to the committal of children to such institution shall be necessary, and such commitment shall in all respects be sufficient to authorize such institution to receive and retain such child in its custody as therein directed."

It will be observed that the statute does not in terms limit the necessity of giving notice to the parent to cases where notice is required by the charter or acts of incorporation of the institution. It only provides that if it appears by the commitment that the parent or any guardian or custodian of such child was present at the examination before the court or magistrate, or had such notice thereof as was by such court or magistrate deemed sufficient, no further or other notice required by local or special statute in regard to the committal of children to such institution shall be necessary. In other words, it does not dispense with notice, but provides that a notice deemed by the magistrate sufficient shall dispense with the particular notice required by any local or special statute. This provision was not contained in the Penal Code as originally enacted, but was an amendment made in 1886. Laws 1886, c. 31. After that amendment, the case of People v. New York Catholic Protectory, 106 N. Y. 604, 605, 13 N. E. 435, came before the court of appeals, which held that the amendment implied that notice must be given to the parent, either under the consolidation act, or under section 291 of the Code as amended, and that the omission to give such notice was jurisdictional. In this case the consolidation act does not require notice to be given to the parent, as the commitment was to the House of Refuge. It therefore seems to follow that the notice must be given under the provisions of section 291 as amended, and as the parent was not present, and was not notified of the proceeding, the magistrate was without jurisdiction, and the boy should be discharged. Ordered accordingly.